# ATTACHMENT - COMPLAINT

## IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| JON FLOWERS, an individual, | Case No.: |
| Plaintiff, | COMPLAINT |
| vs. | |
| FRED HUTCHINSON CANCER RESEARCH CENTER, a Washington corporation, | |
| Defendant. | |

Plaintiff Jon Flowers, by and through counsel, complains and avers as follows:

### I. PARTIES, JURISDICTION, AND VENUE

1.1   Status of Plaintiffs. Plaintiff Jon Flowers is an individual residing in King County, Washington.

1.2   Status of Defendant Fred Hutchinson Cancer Research Center. Defendant Fred Hutchinson Cancer Research Center is a corporation organized and doing business in King County, Washington.

1.3   Jurisdiction. This court has subject matter jurisdiction over this action pursuant to RCW 2.08.010.

1.4   Venue. Venue is proper in King County, Washington. Defendant transacts business in King County and has offices for the transaction of business in King County.

COMPLAINT – Page 1

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

1  RCW 4.12.025(1). Additionally, venue is proper because the activities which give rise to these

2  allegations took place in King County, Washington. RCW 4.12.025(3).

3      1.5    Less than 300 days after incidents of ongoing racial harassment and subsequent

4  retaliation, Plaintiff filed charges with the Equal Employment Opportunity Commission

5  ("EEOC") alleging violations of Title VII by Defendant.

6      1.6    On March 31, 2017, after its investigation, the EEOC issued Notices of Suit

7  Rights to Plaintiff, stating that he must file a lawsuit based on the charge within 90 days of the

8  notice.

## II.  FACTS

10      2.1    Plaintiff Jon Flowers is an African-American male who was born in 1968.

11      2.2    Plaintiff was hired by Defendant in September of 2001.

12      2.3    In 2004, Plaintiff was promoted to Employee Relations Supervisor.

13      2.4    During Plaintiff's employment, he only ever received positive feedback from his

14  managers, coworkers, and peers.

15      2.5    In 2012, Plaintiff's manager left. Plaintiff was instructed to report directly to

16  Mr. Howard Nachtrieb.

17      2.6    Mr. Nachtrieb announced that there would be three new positions opening in the

18  Human Resources department. Plaintiff was encouraged to apply for the Employment Manager

19  position.

20      2.7    Plaintiff was qualified for the Employment Manager position.

21      2.8    Plaintiff applied for the Employment Manager position.

22      2.9    Shortly thereafter, Plaintiff was told that he was not selected for the Employment

23  Manager position.

24

2.10    Another person was hired for the Employment Manager position. This person was a white, Caucasian male.

2.11    The person hired for the Employment Manager was not qualified for the position and was less qualified than Plaintiff.

2.12    Plaintiff was later informed that the Employment Manager job posting had never actually been posted. Mr. Nachtrieb had made his hiring decision for the position without considering Plaintiff's application.

2.13    Based on this information, Plaintiff filed a discrimination charge with the EEOC.

2.14    Defendant brought in an allegedly independent investigator to investigate Plaintiff's claims of discrimination. On information and belief, this investigator was an associate of Ms. Mari Schwab, the attorney for Defendant's Human Resources department.

2.15    Mr. Nachtrieb called Plaintiff in for a meeting to discuss the results of the investigation. Before showing Plaintiff the investigation results, Mr. Nachtrieb handed Plaintiff a severance agreement and informed Plaintiff that his employment was ending.

2.16    Plaintiff asked for 21 days to review the severance agreement. Defendant denied Plaintiff the 21 days and told him he needed to respond by the next day. Plaintiff asked for at least 3 days to review. Defendant agreed to give him 2.5 days to review.

2.17    After reviewing the severance agreement, Plaintiff decided he did not want to agree to its terms under the circumstances. Defendant subsequently informed Plaintiff he was being terminated for "poor performance."

2.18    Defendant allowed Plaintiff to review the investigator's report. According to the report, Plaintiff had always been a difficult employee whose managers had constantly been working to correct.

COMPLAINT – Page 3

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

2.19    The findings in the investigation were unsubstantiated, and many were false. Defendant acted unlawfully in commissioning and relying upon the investigator's report.

2.20    Defendant acted with malice or recklessness against Plaintiff's federally-protected rights.

2.21    Plaintiff filed a charge of retaliation with the EEOC.

2.22    The EEOC sent Plaintiff Right to Sue letters on March 31, 2017.

### III.  CAUSES OF ACTION

#### A. Discrimination – Disparate Treatment

#### (Title VII of the Civil Rights Act)

3.1    Plaintiff belongs to protected classes based on his race and color.

3.2    Plaintiff was performing his job at least satisfactorily.

3.3    Plaintiff applied for a promotion to the Employment Manager position but was not promoted. Instead, a white, Caucasian employee was promoted to the position.

3.4    Plaintiff's race or color or both were motivating factors in Defendant's decision to promote the white, Caucasian applicant over Plaintiff.

3.5    As a result of Defendant's disparate treatment, Plaintiff has suffered lost wages and emotional damages in an amount to be determined at trial.

#### B. Retaliation

#### (Title VII of the Civil Rights Act)

3.6    Plaintiff engaged in a protected activity by filing a Charge of Discrimination against Defendant with the EEOC.

3.7    Plaintiff was terminated by Defendant shortly thereafter.

3.8    Although Defendant claimed it was firing Plaintiff for performance issues, Plaintiff had never received any discipline or complaints regarding his performance.

COMPLAINT – Page 4

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

p. 9

1   3.9   Defendant would not have terminated Plaintiff but for his decision to file a
2   Charge of Discrimination against Defendant with the EEOC.
3   3.10   As a result of Defendant's retaliation, Plaintiff has suffered lost wages and
4   emotional damages in an amount to be determined at trial.

### C. Violation of the Older Workers Benefit Protection Act

### (29 CFR 1625.22)

7   3.11   At the time of his termination, Plaintiff was over 40 years old.
8   3.12   Plaintiff was given less than 21 days in which to consider Defendant's proposed
9   severance agreement.
10   3.13   As a result of Defendant's failure to comply with the Older Workers Benefit
11   Protection Act, Plaintiff has suffered damages in an amount to be determined at trial.

### IV.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

(1) Injunctive relief, including but not limited to a letter of recommendation and a change to the official reason for his termination;

(2) Compensatory damages;

(3) Lost wages;

(4) Punitive damages;

(5) Attorney's fees and costs; and

//
//
//
//
//

COMPLAINT – Page 5

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

(6) For such other and further relief as the Court may deem just and proper.

Dated this 19th day of June, 2017.

ROCKE | LAW Group, PLLC

*/s/ Peter Montine*

Aaron V. Rocke, WSBA #31525
Peter Montine, WSBA #49815
Rocke Law Group
101 Yesler Way, Suite 603
Seattle, WA 98104
aaron@rockelaw.com
peter@rockelaw.com
(206) 652-8670
Attorneys for Plaintiff

COMPLAINT – Page 6

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

p. 11