THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JON FLOWERS,<br><br>　　　　　　Plaintiff,<br>　　　v.<br><br>FRED HUTCHINSON CANCER<br>RESEARCH CENTER,<br><br>　　　　　　Defendant. | CASE NO. C17-0989-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for partial judgment on the pleadings (Dkt. No. 12). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

**I.　　BACKGROUND**

This section is based on the facts alleged in the complaint and written in the light most favorable to the Plaintiff.

In 2001, Plaintiff, Jon Flowers ("Flowers"), started working for Defendant, Fred Hutchinson Cancer Research Center ("Fred Hutch"). (Dkt. No. 1-1 at 3.) In 2012, Flowers applied for a management position but was not selected. (*Id.*) The person Fred Hutch hired for the position was less qualified than Flowers. (*Id.*) The person was Caucasian while Flowers is

African American. (*Id.*)

Flowers later learned that his manager had never even considered his application when hiring for the management position. (*Id.* at 4.) Flowers filed a discrimination claim with the Equal Employment Opportunity Council (EEOC). (*Id.*) After conducting an internal investigation of the discrimination claim, Fred Hutch decided to terminate Flowers. (*Id.*) Flowers was asked to sign a severance agreement before being officially terminated. (*Id.*) Flowers asked for 21 days to review the severance agreement but Fred Hutch would only allow him two and half days to review the document. (*Id.*)

After reviewing the severance agreement, Flowers decided he would not agree to its terms. (*Id.*) Fred Hutch subsequently terminated Flowers for "poor performance." (*Id.*) After filing a retaliation complaint with the EEOC, Flowers was subsequently provided with a right-to-sue letter against Fred Hutch. (*Id.*) Flowers brought this lawsuit charging Fred Hutch with disparate treatment and retaliation under Title VII of the Civil Rights Act, as well as violation of The Older Workers Benefit Protection Act (OWBPA). (*Id.* at 5–6.)

Flowers states that "as a result of Defendant's failure to comply with the Older Workers Benefit Protection Act, Plaintiff has suffered damages in an amount to be determined at trial." Fred Hutch's motion for partial judgment on the pleadings only deals with Flowers' OWBPA claim. (Dkt. No. 12 at 1.) (Dkt. No. 1-1 at 6.)

**II. DISCUSSION**

    **A. Legal Standard**

A motion for judgment on the pleadings may be brought "after the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "A Rule 12(c) motion challenges the sufficiency of the opposing party's pleadings and operates in much the same manner as a motion to dismiss under 12(b)(6)." *Morgan v. Yolo*, 436 F. Supp. 2d 1152, 1154–55 (E.D. Cal. 2006). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to

judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). The court construes all material allegations in the light most favorable to the non-moving party. *Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1046 (9th Cir. 2006). Thus, a "Motion for Judgment on the Pleadings may consequently be granted if, after assessing both the complaint, plus matters for which judicial notice is proper, it appears 'beyond doubt that the [non-moving party] cannot prove any facts that would support his claim for relief.'" *Morgan*, 436 F. Supp. 2d at 1155 (quoting *R.J. Corman Derailment Services, LLC v. Int'l Union of Operating Engineers, Local 150,* 335 F.3d 643, 647 (7th Cir. 2003)).

### B. Flowers does not have a cognizable claim under OWBPA

OWBPA is an amendment to the Age Discrimination in Employment Act (ADEA) that, among other things, imposes restrictions on when an employee can validly waive her right to bring an ADEA claim. *See* 29 U.S.C. § 626(f); *Oubre v. Entergy*, 522 U.S. 422, 427 (1998). Relevant to Flowers' lawsuit, an employee cannot waive an age discrimination claim as part of a severance agreement unless the waiver is made in writing and "the individual is given a period of at least 21 days within which to consider the agreement." 29 U.S.C. § 626(f)(1)(F)(i).

Flowers alleges that Fred Hutch violated OWBPA when it asked Flowers to sign a severance agreement containing a waiver of ADEA claims without providing him 21 days to review the agreement. (Dkt. No. 18 at 2.) Fred Hutch counters that a violation of OWBPA does not provide a cause of action separate from an age discrimination claim under ADEA, and, alternatively, by refusing to sign the agreement Flowers did not suffer an injury under OWBPA. (Dkt. No. 12 at 1.) The Court need not decide whether an OWBPA violation provides an independent cause of action because the undisputed facts demonstrate that Flowers did not suffer an injury based on Fred Hutches' alleged failure to comply with OWBPA's waiver provisions.[1]

---

[1] While the Ninth Circuit has not decided whether a violation of OWBPA's waiver provisions represent an independent cause of action, almost every court that has addressed the issue has held it does not. *See e.g. Whitehead v. Okla. Gas & Elec. Co.*, 187 F.3d 1184 (10th Cir. 1999).

To have standing in federal court, a plaintiff must have suffered an "injury in fact" which is "an invasion of a legally protected interest which is…concrete and particularized." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citation omitted). The party invoking federal jurisdiction has the burden of proving the standing requirement. *Id*. at 561.

There is no dispute that Flowers did not sign the severance agreement offered by Fred Hutch. (Dkt. No. 1-1 at 4.) ("After reviewing the severance agreement, Plaintiff decided he did not want to agree to its terms under the circumstances.") By not signing the agreement, Flowers never waived his right to bring an ADEA claim against Fred Hutch. Flowers did not suffer an injury that is cognizable under OWBPA merely because Fred Hutch asked him to sign an agreement that would have been unenforceable under that law. By not signing, Flowers avoided the harm that the OWBPA waiver provisions are meant to protect against.

The Third Circuit has reached the same conclusion on this exact issue. *See Lawrence v. National Westminster Bank*, 98 F.3d 61, 72 (3d Cir. 1996). In *Lawrence*, the court upheld the dismissal of the plaintiff's OWBPA claim where he refused to enter a severance agreement that would have violated the law's 21-day review period. *Id*. The court found that "The alleged effort to induce [plaintiff] to sign the agreement could not result in a violation of OWBPA's waiver provisions." *Id*. at 72. Therefore, the plaintiff did not have standing to sue under OWBPA. *Id*.

Flowers cites to a general provision of the ADEA which provides that "in any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter. . ." 29 U.S.C. § 626(b). Whether or not Flowers could bring a lawsuit under ADEA does not change the fact that he has not demonstrated he suffered an injury as a result of Fred Hutch's attempt to get him to sign the severance agreement.

Flowers does not have standing to bring a claim against Fred Hutch under OWBPA because he did not suffer an injury under that statute when he refused to sign the allegedly illegal severance agreement. Since there is no genuine issue of material fact on this issue, Fred Hutch is

entitled to judgment on that claim as a matter of law.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for partial judgment on the pleadings (Dkt. No. 12) is GRANTED. Plaintiffs' claim under OWBPA is DISMISSED with prejudice. The Court chooses to dismiss with prejudice because under the undisputed facts, the claim could not be saved with further amendment. *See Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004). Therefore, Plaintiff's claim is DISMISSED with prejudice.

DATED this 19th day of September, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE