THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JON FLOWERS, | CASE NO. C17-0989-JCC |
| Plaintiff, | ORDER |
| v. | |
| FRED HUTCHINSON CANCER RESEARCH CENTER, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion for partial summary judgment (Dkt. No. 33). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I.  BACKGROUND

In 2001, Plaintiff Jon Flowers ("Flowers"), started working for Defendant, Fred Hutchinson Cancer Research Center ("Fred Hutch") in its Human Resources Department. (Dkt. No. 1-1 at 3.) Sometime in July 2012, Flowers' supervisor, Han Nachtrieb ("Nachtrieb") announced that the Department would soon be posting an opening for a newly created Employment Manager position. (Dkt. No. 39 at 1–2.) A few weeks later when Flowers told Nachtrieb that he wanted to apply for the position, Nachtrieb told him that another employee,

John Bartley ("Bartley"), had already applied, interviewed, and been hired. (*Id.*) Bartley is Caucasian, while Flowers is African American. (Dkt. No. 1-1 at 3–4.)

Unbeknownst to Flowers, Nachtrieb had earlier told a Recruiting Supervisor, Narreda Cooper ("Cooper"), that he would not be posting the Employment Manager position. (Dkt. No. 40 at 1.) Nachtrieb told Cooper that he had decided to hire Bartley and to keep that information to herself. (*Id.* at 1–2.) When Flowers approached Cooper to inquire about the open position, Cooper merely told him that no one had applied. (*Id.* at 2.) On August 1, 2012, Bartley's job as the Employment Manager took effect. (Dkt. No. 34 at 15.) In January 2013, after Cooper was terminated by Fred Hutch, she told Flowers about Nachtrieb's decision to hire Bartley without posting the position or interviewing other applicants. (Dkt. No. 40 at 2.)

On September 26, 2013, Flowers filed a grievance with the Equal Employment Opportunity Commission ("EEOC") (Dkt. No. 34 at 5.) In his grievance, Flowers asserted that Fred Hutch "has engaged in a pattern and practice of promoting less qualified Anglo employees for management positions within the Human Resources Department while denying me promotional opportunity to a management position within the department." (*Id.*) After conducting an internal investigation of the discrimination claim, Fred Hutch terminated Flowers. (*Id.*) Flowers subsequently filed a second claim with the EEOC asserting Fred Hutch had retaliated against him for filing his first complaint. (Dkt. No. 34 at 7.)

After obtaining a right-to-sue letter from the EEOC, Flowers brought this lawsuit charging Fred Hutch with disparate treatment and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII").[1] (Dkt. No. 1-1 at 5–6.) Fred Hutch now moves for summary judgment on Flowers' disparate treatment claim, arguing that it is time-barred. (Dkt. No. 33 at 1.) Fred Hutch asserts that Title VII required Flowers to bring his discrimination claim within 300 days of

---

[1] The Court subsequently granted Fred Hutch's motion for judgment on the pleadings regarding Flowers' Older Workers Benefit Protection Act claim, which was dismissed with prejudice. (Dkt. No. 22.)

filing his grievance with the EEOC. (*Id.*) Flowers argues that his discrimination claim is timely under the doctrines of equitable estoppel and equitable tolling. (Dkt. No. 38 at 1.)

## II. DISCUSSION

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making that determination, the Court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Once a summary judgment motion is properly made and supported, the opposing party "must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis in original) (quoting Fed. R. Civ. P. 56(e)).

### B. Title VII Statute of Limitations

To bring a Title VII discrimination claim, a plaintiff must first file a charge with a state EEOC agency within 300 days of experiencing an unlawful employment practice. *See* 42 U.S.C. § 2000e–5(e)(1)[2]; *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the . . . 300–day time period after the discrete discriminatory act occurred.") Where a Title VII discrimination claim is based on discrete acts that occurred outside of the 300-day filing window, the claim is time-barred. *See Morgan*, 536 U.S. at 109; *Siddiqui v. AG Commc'n Sys. Corp.*, 233 Fed.Appx. 610, 612 (9th Cir. 2007). The 300-day filing clock commences when a plaintiff becomes aware of the adverse employment action that supports his or her discrimination claim. *See Lukovsky v. City & Cty. of San*

---

[2] In Washington, the filing period is 300 days because there is a state agency "with the authority to grant or seek relief with respect to the alleged unlawful practice." 42 U.S.C. § 2000e–5(e)(1).

*Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008) ("claim accrued when the plaintiffs received notice they would not be hired . . . .").

In his complaint, Flowers alleges a single discriminatory act to support his Title VII discrimination claim. (Dkt. No. 1-1 at 5.) Flowers states that "[he] applied for a promotion to the Employment Manager position but was not promoted. Instead, a white, Caucasian employee was promoted to the position." (*Id*.) It is undisputed that the discrete act supporting Flowers' discrimination claim is Fred Hutch's decision to promote Bartley rather than him. The undisputed evidence further demonstrates that Bartley officially began working as the Employment Manager in early August 2012, and Flowers was aware that Bartley had gotten the job. (Dkt. Nos. 34 at 15, 39 at 2.) Therefore, the 300-day clock began to run once Flowers knew Bartley had been hired in August 2012. Flowers did not file his EEOC claim regarding this allegedly discriminatory hiring decision until September 2013—well beyond the 300-day window required by Title VII. *See* 42 U.S.C. § 2000e–5(e)(1). Based on this evidence, Fred Hutch has met its initial burden on summary judgment to demonstrate that Flowers' Title VII discrimination claim is time-barred.

In response, Flowers asks the Court to apply the doctrines of equitable estoppel or equitable tolling to prevent his discrimination claim from being time-barred.[3] (Dkt. No. 38 at 1.) Flowers asserts that these equitable doctrines are appropriate because Nachtrieb intentionally misled him about the circumstances surrounding Bartley's promotion, and he could not reasonably have known that any discrimination occurred until Cooper told him what Nachtrieb had done. (*Id*. at 6–9.)

### 1. Equitable Estoppel

Equitable estoppel "focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1175 (9th Cir. 2000).

---

[3] In a Title VII claim, "the time period for filing a charge is subject to equitable doctrines such as tolling or estoppel." *Morgan*, 536 U.S. at 109.

Equitable estoppel "necessarily requires active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." *Id.* at 1177. "Of critical importance [to an estoppel claim] is a showing of the plaintiff's actual and reasonable reliance on the defendant's conduct or representations." *Naton v. Bank of Cal.*, 649 F.2d 691, 696 (9th Cir. 1981).

Flowers argues that Fred Hutch, through the actions of Nachtrieb, actively concealed its discriminatory conduct. According to Flowers, Nachtrieb failed to follow Fred Hutch's recruiting policy by hiring Bartley without first posting the Employment Manager position to certain job boards. (Dkt. Nos. 39 at 2, 39-1 at 3.) Nachtrieb concealed this violation by instructing Cooper not to tell anyone that he did not post the position. (Dkt. No. 40 at 2.) As a result, when Flowers asked Cooper about the position, she told him that no one had applied. (Dkt. No. 39 at 2.) Flowers then inquired with Nachtrieb about applying for the position and was told that Bartley had applied, been interviewed, and hired. (*Id.*) Flowers asserts that Nachtrieb's statements prevented him from filing his discrimination charge until Cooper ultimately told him about what Nachtrieb had done in January 2013. (*Id.*)

The Court cannot conclude that Flowers reasonably relied on Nachtrieb's representations such that he was prevented from filing his discrimination claim within 300 days of Bartley's promotion. Flowers knew the essential facts that supported his discrimination claim in August 2012. Nachtrieb announced the new Employment Manager position in July 2012. (Dkt. No. 35 at 6–7). When Flowers followed up with Nachtrieb about applying for the job, he was told that Bartley had already been interviewed and hired. (Dkt. No. 39 at 2.) At that point, Flowers knew that, despite having expressed interest in the position, he had not been promoted, or even interviewed for the job. Flowers also knew that Bartley, who was Caucasion, had gotten the position.[4] The Court struggles to see how Nachtrieb's misrepresentations about the hiring

---

[4] Flowers additionally alleges in his complaint that Bartley "was not qualified for the position and was less qualified than Plaintiff." (Dkt. No. 1-1 at 4.)

ORDER
C17-0989-JCC
PAGE - 5

process prevented Flowers from filing a discrimination claim until Cooper told him that Nachtrieb never posted the position.[5] Indeed, Cooper's original statement to Flowers that no one had applied for the position, was directly contradicted by Nachtrieb's assertion to Flowers that Bartley had applied, been interviewed, and hired. If anything, that inconsistency would have made Flowers more aware that he could have filed a discrimination grievance.

        2.      Equitable Tolling

District courts can apply the doctrine of equitable tolling when an "excusable delay" prevents a plaintiff from complying with a statute of limitations. *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002). "If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." *Santa Maria*, 202 F.3d at 1178; *see also Boyd v. United States Postal Serv.*, 752 F.2d 410, 414 (9th Cir. 1985) ("The time period for filing a complaint of discrimination begins to run when the facts that would support a charge of discrimination would have been apparent to a similarly situated person with a reasonably prudent regard for his rights.")

Similar to his equitable estoppel claim, Flowers asserts that he had no way to know of Fred Hutch's discriminatory conduct until Cooper informed him that Nachtrieb had failed to post the Employment Manager position. (Dkt. No. 38 at 8.) The Court disagrees. As discussed above, Flowers knew that the Employment Manager position had become available and that Bartley was given the position. Flowers knew that he had not been hired, much less interviewed, and that the new position was given to a Caucasian coworker. In other words, Flowers knew the essential facts that "would support a charge of discrimination [and] would have been apparent to a

---

[5] Flowers makes the following assertions in his brief: "Nachtrieb instructed the recruiter not to post the position and not to tell anyone. Flowers had no reason to suspect violations of the recruiting policy because Nachtrieb informed him he had followed the policy." (Dkt. No. 38 at 8.) Those assertions are not supported by the declarations of either Flowers or Cooper. (*See generally* Dkt. Nos. 39, 40.)

similarly situated person with a reasonably prudent regard for his rights." *Boyd*, 752 F.2d at 414.

For those reasons, the Court concludes that Flowers has failed to meet his burden on summary judgment to come forward with specific facts showing that the Court should toll the statute of limitations by applying the doctrines of equitable estoppel or equitable tolling.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for partial summary judgment (Dkt. No. 33) is GRANTED. Plaintiffs' Title VII disparate treatment claim, as alleged in count 1 of his complaint, is DISMISSED with prejudice.

DATED this 1st day of May, 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE