UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JON FLOWERS, | CASE NO. C17-0989-JCC |
| Plaintiff, | ORDER |
| v. | |
| FRED HUTCHINSON CANCER RESEARCH CENTER, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion for protective order (Dkt. No. 45). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

## I. BACKGROUND

Plaintiff Jon Flowers ("Flowers") alleges that he was wrongfully terminated by his employer Defendant Fred Hutchinson Cancer Research Center ("Fred Hutch"). (Dkt. No. 1-1 at 5–6.) Flowers worked in Fred Hutch's human resources department from 2001 to 2013. (*Id*. at 3.) In September 2013, Flowers filed a complaint with the Equal Employment Opportunity Council ("EEOC") alleging that Fred Hutch committed racial discrimination by failing to interview or promote him for a management position. (Dkt. No. 39 at 3.) Fred Hutch conducted

an internal investigation into Flowers' claims, which concluded with Flowers being terminated. (Dkt. No. 1-1 at 4–5.) Flowers responded by filing a second EEOC complaint alleging that his termination was in retaliation for filing the initial discrimination complaint. (*Id*. at 5.)

Flowers initially brought claims for disparate treatment discrimination and retaliation under Title VII of the Civil Rights Act, as well as violation of the Older Workers Benefit Protection Act (OWBPA). (Dkt. No. 1-1 at 5–6.) The Court dismissed Flower's disparate treatment and OWBPA claims, and only his retaliation claim remains. (*See* Dkt. Nos. 22, 44.) Flowers scheduled a deposition for Fred Hutch's corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6), and provided defense counsel with a list of topics that would be covered. (Dkt. No. 46-1 at 18–20.) Fred Hutch seeks a protective order that would limit the scope of questions Flowers may ask during the Rule 30(b)(6) deposition. (Dkt. No. 45.)

## II.  DISCUSSION

### A.  Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). In addition to relevance, the Court must determine whether discovery is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* When a party resists providing discovery, a district court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). However, discovery motions are strongly disfavored. The party resisting discovery has the burden of demonstrating why discovery should not be allowed. *Blankenship v. Hearst Corp.*, 519 F.2d 419, 429 (9th Cir. 1975).

### B.  Fred Hutch's Motion for Protective Order

Fred Hutch seeks a protective order that would: (1) prohibit deposition topics that are

only relevant to Flowers' now dismissed discrimination claim; (2) disallow questions regarding certain financial information; and (3) narrow the temporal scope of certain topics. (*See generally* Dkt. No. 45.) The Court addresses these issues in turn.

### 1. Irrelevant Topics

Fred Hutch asserts that several of Flowers' proposed deposition topics deal with his dismissed discrimination claim and are irrelevant to his retaliation claim. (*Id.* at 3.) Fred Hutch requests that Flowers be prohibited from asking questions regarding the following topics:

> Topic 1: Fred Hutch's policies regarding posting and recruiting of new positions that were in effect in the human resources department in 2012.
>
> Topic 3: Fred Hutch's policies regarding complaints of employment discrimination, including the persons responsible for enforcing those polices, in effect in the human resources department from 2001 through 2013.
>
> Topic 5: Fred Hutch's affirmative action programs, diversity initiatives, or equal employment opportunity initiatives from 2012 through 2013.
>
> Topic 6: Reports submitted by Fred Hutch to the Office of Federal Contract Compliance Programs regarding affirmative action programs from 2012 to present, as well as the persons who completed and submitted these reports.
>
> Topic 8: The creation of the Employment Manager position in or around 2012, the recruiting and hiring process for that position, and the reasons for the decision to hire John Bartley for that position.

(Dkt. No. 46-1 at 25–26.) Flowers counters that these proposed topics are relevant to both his discrimination claim and retaliation claim, as well as Fred Hutch's affirmative defenses. (Dkt. No. 47 at 9.)

In general, parties are not entitled to discovery regarding claims that have been dismissed. *See Eye Care Ctr. of Snohomish v. Chemat Tech., Inc.*, No. C12-0203-JCC, slip op. at 1 (W.D. Wash. Jan. 31, 2013). However, the federal rules allow for the discovery of relevant information even if it would not be admissible at trial. Fed. R. Civ. P. 26(b)(1). In assessing relevancy, the Court asks whether the information sought is "reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

Flowers alleged that he was racially discriminated against when a less-qualified Caucasian employee was promoted to a newly created management position in the human resources department. (Dkt. No. 1-1 at 4–5.) Flowers' retaliation claim, by contrast, is based on Fred Hutch's decision to allegedly terminate him because he filed a discrimination complaint with the EEOC. (*Id*.) The Court finds that deposition topics 1, 5, 6, and 8 are neither relevant to Flowers' retaliation claim, nor reasonably calculated to lead to admissible evidence. These topics go directly to issues regarding Flowers' claim that he was passed over for promotion because of his race. (*Compare* Dkt. No. 1-1 at 4–6, *with* Dkt. No. 46-1 at 25–26.) Flowers has not explained how topics such as Fred Hutch's policies regarding posting new job positions and affirmative action initiatives are relevant to his retaliation claim. Flowers also fails to explain how discovery into these topics would allow him to disprove Fred Hutch's affirmative defenses. (*See* Dkt. No. 47 at 5.)

Conversely, the Court finds that allowing questions into topic 3—Fred Hutch's employment practices regarding discrimination complaints—could lead to the discovery of admissible evidence. The way that Fred Hutch handles discrimination complaints could lead to admissible evidence about the circumstances surrounding Flowers' termination. Whether or not Fred Hutch followed its policies and procedures regarding Flowers' discrimination claim could be relevant to establishing a causal link between Flowers' EEOC complaint and his termination.

Therefore, Fred Hutch's motion for protective order is GRANTED as to proposed topics 1, 5, 6, and 8, and DENIED as to topic 3.

### 2. Financial Information

Fred Hutch asks the Court to disallow questions related to its federal grant funding as irrelevant. (Dkt. No. 45 at 7.) Specifically, Fred Hutch asks the Court to grant a protective order regarding the following proposed topic: "[Fred Hutch's] current financial status, including the amount of funding received from federal grants in 2017 and 2018 and the requirements for receiving funding through those grants." (Dkt. No. 46-1 at 25.) Flowers asserts that such

questions are relevant to the issue of punitive damages. (Dkt. No. 47 at 11.)

When punitive damages are available, a defendant's financial condition is relevant to determining the appropriate amount. *White v. Ford Motor Co.*, 500 F.3d 963 (9th Cir. 2007). However, Fred Hutch has already provided Flowers with information regarding its financial status and ability to pay punitive damages—*e.g.*, the organization's consolidated financial statement and insurance policy. (*See generally* Dkt. No. 50-1.) Moreover, questions about the requirements for receiving federal grant funding are irrelevant to the issue of punitive damages. Therefore, Fred Hutch's motion for protective order is GRANTED as to proposed topic 4.

### 3. Temporal Scope

Fred Hutch asserts that several of Flowers' proposed topics deal with a date range that is overly broad. (Dkt. No. 45 at 8.) Flowers' proposed topics 2 and 3, seek information regarding employee performance reviews and discrimination complaints from 2001 to 2013. (Dkt. No. 46-1 at 25.) Proposed topic 10 seeks Fred Hutch's "position on best practices for workplace investigations into claims of employment discrimination as of 2013 and presently, if different." *Id.*) Fred Hutch asserts that these date ranges are irrelevant to Flowers' termination, which occurred in 2013. (Dkt. No. 45 at 7.) The Court disagrees.

Flowers could discover admissible evidence regarding Fred Hutch's employee performance reviews and discrimination complaints during the proposed date range. Moreover, Fred Hutch has not demonstrated how allowing such questions would be unduly burdensome or oppressive. *See* Fed. R. Civ. P. 26(c)(1). In addition, questions dealing with Fred Hutch's investigation practices since Flowers was terminated could lead to admissible evidence regarding his retaliation claim. Therefore, Fred Hutch's motion for protective order is DENIED as to topics 2, 3, and 10.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for protective order (Dkt. No. 45) is GRANTED in part and DENIED in part. Plaintiff shall observe the following limitations while

conducting its Rule 30(b)(6) deposition of Defendant's corporate representative scheduled for August 31, 2018:

1. Plaintiff shall not ask questions listed in its proposed topics 1, 4, 5, 6, and 8.

2. Plaintiff may ask questions regarding proposed topics 2, 3 and 10.

DATED this 31st day of August, 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE